2015 JUL 20  PM 12: 34



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71843-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN MICHAEL OLHAVA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 20, 2015 |
| | ) | |

VERELLEN, A.C.J. — A jury found Jonathan Olhava guilty of first degree taking a motor vehicle without permission. Olhava challenges the trial court's denial of his motion to suppress statements that he made to police. Specifically, he contends that he did not have the presence of mind to waive his right to remain silent because he was too intoxicated. But intoxication alone does not render Olhava's statements involuntary. Based on the totality of the circumstances, including testimony that Olhava understood and coherently responded to the detective's questions, substantial evidence supports the finding of fact that Olhava had the presence of mind to waive his right to remain silent. That finding together with the undisputed findings support the conclusion that Olhava voluntarily waived his right to remain silent. We affirm.

## FACTS

A dump truck driver for a construction company saw a white Acura car pushing a white Honda car at a construction site. Each car had one individual inside. Both cars

crashed through a cable barrier prohibiting access to the construction site. The vehicles came to rest trunk-to-trunk in a wooded area. The dump truck driver alerted his colleagues and blocked the entrance to the site. One colleague approached the cars and saw two individuals working on them.

Two police deputies saw Olhava and another individual, Eric Hoover, in the wooded area near the two vehicles. The deputies saw Hoover underneath the Honda cutting parts with an acetylene torch and saw Olhava standing between the two vehicles. The deputies determined that the Honda was stolen.

Olhava was handcuffed, and Deputy Steven Dosch read Olhava his Miranda[1] rights in the woods. About an hour later, Detective Terry Haldeman interviewed Olhava at the precinct. During the interview, Olhava was "nodding off"[2] and had "pinpoint pupils"[3] and "slurred speech."[4] Detective Haldeman believed Olhava "was under the influence of illegal narcotics," but did not believe the narcotics affected Olhava's ability to speak.[5] Olhava was coherent and responsive to Detective Haldeman's questions, and at no time during the interview did Olhava appear to not understand any questions posed. Olhava was "very specific" in talking with Detective Haldeman.[6] Further, Olhava "had a toothache" caused by an "abscessed tooth," but did not appear to be debilitated by the ailment.[7]

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] Report of Proceedings (RP) (Jan. 30, 2014) at 20.

[3] Id. at 21.

[4] Id. at 24.

[5] Id. at 21.

[6] Id. at 23.

[7] Id. at 24.

The State charged Olhava with first degree taking a motor vehicle without permission. The trial court denied Olhava's motion to suppress. After a CrR 3.5 hearing, the trial court entered written findings and conclusions. The trial court made the following undisputed findings:

- Olhava understood his <u>Miranda</u> rights, waived those rights, and agreed to talk to Deputy Dosch in the woods.

- Olhava "remembered his rights" and "was willing to talk" to Detective Haldeman at the precinct.[8]

- Olhava was "coherent and essentially responsive" to Detective Haldeman's questions.[9]

In its oral decision, the trial court observed that "while the defendant was apparently . . . under the influence of a substance to some degree, it was not to such a degree as to make him incoherent or anything of that sort, that the defendant had the presence of mind to speak voluntarily and, indeed, was doing so."[10] The trial court also entered a written finding of fact that Olhava "had the presence of mind" to waive his right to remain silent.[11] In its written conclusions of law, the trial court concluded Olhava voluntarily waived his right to remain silent, and denied the motion to suppress. A jury found Olhava guilty as charged.

Olhava appeals.

---

[8] <u>Id.</u> at 30.

[9] <u>Id.</u>

[10] <u>Id.</u> at 30-31.

[11] Clerk's Papers (CP) at 37 (Finding of Fact 13).

## ANALYSIS

Olhava challenges the trial court's finding that he had the presence of mind to waive his right to remain silent and the conclusion that his waiver was voluntary.

We review the denial of a suppression motion to determine whether substantial evidence supports the trial court's findings and whether the findings support its conclusions.[12] "Substantial evidence is 'evidence sufficient to persuade a fair-minded, rational person of the truth of the finding.'"[13] Unchallenged findings are verities on appeal.[14] We review conclusions of law de novo.[15]

A defendant may waive the right to remain silent if the waiver is knowing, voluntary, and intelligent.[16] The State bears the burden of proving voluntariness by a preponderance of the evidence.[17] In determining whether a defendant voluntarily waived his right to remain silent, we consider the totality of the circumstances.[18] Factors we may consider include the defendant's physical condition, age, mental abilities, experience, and police conduct.[19] Intoxication alone does not render a

---

[12] State v. Ross, 106 Wn. App 876, 880, 26 P.3d 298 (2001).

[13] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006) (quoting State v. Mendez, 137 Wn.2d 208, 214, 970 P.2d 722 (1999)).

[14] Ross, 106 Wn. App. at 880.

[15] State v. Johnson, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

[16] Miranda, 384 U.S. at 444; State v. Aten, 130 Wn.2d 640, 663-64, 927 P.2d 210 (1996).

[17] State v. Braun, 82 Wn.2d 157, 162, 509 P.2d 742 (1973).

[18] Aten, 130 Wn.2d at 663-64.

[19] Id.

defendant's statements involuntary.[20] But intoxication is "a factor in deciding whether the defendant understood his rights and made a conscious decision" to forego them.[21]

Olhava claims his level of intoxication rendered his statements involuntary. We disagree.

The totality of the circumstances here supports the trial court's determination that Olhava had the presence of mind to waive his right to remain silent. Undisputed findings reflect that (1) Olhava was read his Miranda rights; (2) he understood those rights; (3) he agreed to speak with Deputy Dosch and Detective Haldeman; and (4) he was coherent and responsive to all of Detective Haldeman's questions. Detective Haldeman interviewed Olhava at the precinct. During the interview, Olhava was handcuffed in a jail cell. Approximately an hour had passed when Deputy Dosch had read Olhava his Miranda rights and when Detective Haldeman interviewed Olhava. Olhava told Detective Haldeman that "he remembered his rights, he understood them, and he was still willing to speak" to him.[22]

As to Olhava's specific argument that his level of intoxication impaired his ability to understand or voluntarily waive his right to remain silent, the totality of the circumstances here includes some evidence suggesting Olhava was under the influence of some substance, but an undisputed finding reflects that Olhava "was coherent and responsive" to all of Detective Haldeman's questions.[23] And Detective Haldeman specifically testified that Olhava understood his questions, did not ramble,

---

[20] State v. Turner, 31 Wn. App. 843, 845-46, 644 P.2d 1224 (1982).

[21] State v. Gardner, 28 Wn. App. 721, 723, 626 P.2d 56 (1981).

[22] RP (Jan. 30, 2014) at 18.

[23] CP at 36 (Finding of Fact 11).

and directly answered his questions. Therefore, substantial evidence supports the challenged finding that Olhava had the presence of mind to waive his right to remain silent. Additionally, that finding together with the undisputed findings support the trial court's conclusion that Olhava voluntarily waived his right to remain silent.

## CONCLUSION

Substantial evidence in the record supports the trial court's finding that Olhava had the presence of mind to validly waive his right to remain silent, and the findings support the conclusion that Olhava voluntarily waived his right to remain silent.

We affirm.

WE CONCUR: